IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC STEELY and D. JASON JUENGER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-cv-450-JPG/DGW |
| RANDOLPH COUNTY, ILLINOIS and SHERIFF MICHAEL HOELSCHER, | ) ) ) | JURY TRIAL DEMANDED ON ALL COUNTS |
| Defendants. | ) ) | |

## COMPLAINT

### COUNT I
**(Eric Steely vs. Sheriff Michael Hoelscher
Deprivation of Constitutional Rights under 42 U.S.C. § 1983)**

Comes now Plaintiff, Eric Steely, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count I of his Complaint against Defendant Sheriff Michael Hoelscher, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, Eric Steely, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Hoelscher held the position of Sheriff in Randolph County, Illinois, and was acting under color of law.

5. Hoelscher is being sued in his official capacity.

6. Plaintiff, Eric Steely, was first employed by Randolph County as a part-time Sheriff's Deputy in approximately January, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, Eric Steely, walked in a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On or about September 24, 2013, Plaintiff, Eric Steely's employment as part-time deputy sheriff was terminated.

11. On or about September 26, 2013, Plaintiff, Eric Steely, was informed by Hoelscher that he was terminated because Hoelscher would not employ anyone part time who publicly supported Shannon Wolff for Randolph County Sheriff.

12. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, Eric Steely's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

13. As a result of the above referenced actions, Plaintiff, Eric Steely, has been subjected to deprivation by Hoelscher, acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

14. As a direct and proximate consequence and result of Hoelscher's acts and omissions stated above, Plaintiff, Eric Steely, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

15. The above actions of Hoelscher were performed intentionally or otherwise with reckless and callous indifference to Plaintiff, Eric Steely's, rights prescribed by the United States Constitution.

WHEREFORE, Plaintiff, Eric Steely, respectfully prays that the Court enter judgment for Plaintiff as follows:

      A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

      B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

      C. Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

      D. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy; and

      E. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

## COUNT II
### (Eric Steely vs. Sheriff Michael Hoelscher
### Deprivation of Constitutional Rights under 42 U.S.C. § 1983)

Comes now Plaintiff, Eric Steely, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count II of his Complaint against Defendant Sheriff Michael Hoelscher, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, Eric Steely, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Hoelscher held the position of Sheriff in Randolph County, Illinois, and was acting under color of law.

5. Hoelscher is being sued in his individual capacity.

6. Plaintiff, Eric Steely, was first employed by Randolph County as a part-time Sheriff's Deputy in approximately January, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, Eric Steely, walked in a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On or about September 24, 2013, Plaintiff, Eric Steely's employment as part-time deputy sheriff was terminated.

11. On or about September 26, 2013, Plaintiff, Eric Steely, was informed by Hoelscher that he was terminated because Hoelscher would not employ anyone part time who publicly supported Shannon Wolff for Randolph County Sheriff.

12. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, Eric Steely's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

13. As a result of the above referenced actions, Plaintiff, Eric Steely, has been subjected to deprivation by Hoelscher, acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

14. As a direct and proximate consequence and result of Hoelscher's acts and omissions stated above, Plaintiff, Eric Steely, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

15. The above actions of Hoelscher were performed intentionally or otherwise with reckless and callous indifference to Plaintiff, Eric Steely's, rights prescribed by the United States Constitution.

WHEREFORE, Plaintiff, Eric Steely, respectfully prays that the Court enter judgment for Plaintiff as follows:

A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

C. Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

D. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy;

E. Punitive and exemplary damages to punish and deter Sheriff Michael Hoelscher; and

F. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

## COUNT III
**(Eric Steely vs. Randolph County, Illinois
Deprivation of Constitutional Rights under 42 U.S.C. § 1983)**

Comes now Plaintiff, Eric Steely, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count III of his Complaint against Defendant Randolph County, Illinois, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, Eric Steely, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Randolph County, Illinois ("Randolph County") is a county located in the State of Illinois, operating under the laws of the United States of America and the State of Illinois.

4. At all times relevant to this Complaint, Sheriff Michael Hoelscher was operating under color of law and in his official capacity for Randolph County.

5. At all times relevant to this Complaint, Sheriff Michael Hoelscher was a final policymaking authority for Randolph County.

6. Plaintiff was first employed by Randolph County as a part-time Sheriff's Deputy in approximately January, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Defendant, Sheriff Michael Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, Eric Steely, walked in a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On or about September 24, 2013, Plaintiff, Eric Steely's, employment as part-time deputy sheriff was terminated.

11. On or about September 26, 2013, Plaintiff, Eric Steely, was informed by Defendant Sheriff Michael Hoelscher that he was terminated because Sheriff Hoelscher would

not employ anyone part time who publicly supported Shannon Wolff for Randolph County Sheriff.

12. The actions of Randolph County, by and through its policymaking authorities, were part of a policy, practice or custom established or ratified by Randolph County.

13. The above actions were performed with knowledge of, and in retaliation for, Plaintiff's, Eric Steely's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

14. As a result of the above referenced actions, Plaintiff, Eric Steely, has been subjected to deprivation by Randolph County, by and through its policymaking authorities acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

15. As a direct and proximate consequence and result of Randolph County's acts and omissions stated above, Plaintiff, Eric Steely, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

WHEREFORE, Plaintiff, Eric Steely, respectfully prays that the Court enter judgment for Plaintiff as follows:

   A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

   B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

  C. Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

  D. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy; and

  E. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

### COUNT IV
### (D. Jason Juenger vs. Sheriff Michael Hoelscher
### Deprivation of Constitutional Rights under 42 U.S.C. § 1983)

Comes now Plaintiff, D. Jason Juenger, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count IV of his Complaint against Defendant, Sheriff Michael Hoelscher, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, D. Jason Juenger, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Hoelscher held the position of Sheriff in Randolph County, Illinois, and was acting under color of law.

5. Hoelscher is being sued in his official capacity.

6. Plaintiff, D. Jason Juenger, was first employed by Randolph County as a part-time Sheriff's Deputy in approximately June, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, D. Jason Juenger, attended a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On the same date, Plaintiff, D. Jason Juenger, received a telephone call from his direct supervisor at the Randolph County Jail. Plaintiff's supervisor informed him that Hoelscher, had contacted Plaintiff's supervisor and informed him that Plaintiff was no longer permitted to leave the jail premises for any reason, including, but not limited to, prisoner transports, from that day forward.

11. On or about September 23, 2013, Plaintiff, D. Jason Juenger's, employment as part-time deputy sheriff was terminated.

12. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, D. Jason Juenger's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

13. As a result of the above referenced actions, Plaintiff, D. Jason Juenger, has been subjected to deprivation by Hoelscher, acting under color of law, of the rights, privileges, and

immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

14. As a direct and proximate consequence and result of Hoelscher's acts and omissions stated above, Plaintiff, D. Jason Juenger, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

15. The above actions of Hoelscher were performed intentionally or otherwise with reckless and callous indifference to Plaintiff, D. Jason Juenger's, rights prescribed by the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment for Plaintiff, D. Jason Juenger, as follows:

A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

C. Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

D. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy; and

E. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

## COUNT V
### (D. Jason Juenger vs. Sheriff Michael Hoelscher
### Deprivation of Constitutional Rights under 42 U.S.C. § 1983)

Comes now Plaintiff, D. Jason Juenger, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count V of his Complaint against Defendant, Sheriff Michael Hoelscher, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, D. Jason Juenger, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Hoelscher held the position of Sheriff in Randolph County, Illinois, and was acting under color of law.

5. Hoelscher is being sued in his individual capacity.

6. Plaintiff, D. Jason Juenger, was first employed by Randolph County as a part-time Sheriff's Deputy in approximately June, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, D. Jason Juenger, attended a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On the same date, Plaintiff, D. Jason Juenger, received a telephone call from his direct supervisor at the Randolph County Jail. Plaintiff's supervisor informed him that Hoelscher, had contacted Plaintiff's supervisor and informed him that Plaintiff was no longer permitted to leave the jail premises for any reason, including, but not limited to, prisoner transports, from that day forward.

11. On or about September 23, 2013, Plaintiff, D. Jason Juenger's, employment as part-time deputy sheriff was terminated.

12. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, D. Jason Juenger's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

13. As a result of the above referenced actions, Plaintiff, D. Jason Juenger, has been subjected to deprivation by Hoelscher, acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

14. As a direct and proximate consequence and result of Hoelscher's acts and omissions stated above, Plaintiff, D. Jason Juenger, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

15. The above actions of Hoelscher were performed intentionally or otherwise with reckless and callous indifference to Plaintiff, D. Jason Juenger's, rights prescribed by the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment for Plaintiff, D. Jason Juenger, as follows:

    A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

    B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

    C. Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

    D. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy;

    E. Punitive and exemplary damages to punish and deter Sheriff Michael Hoelscher; and

    F. Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

## COUNT VI
### (D. Jason Juenger vs. Randolph County, Illinois Deprivation of Constitutional Rights under 42 U.S.C. § 1983)

Comes now Plaintiff, D. Jason Juenger, by and through his attorneys, Crowder & Scoggins, Ltd., and for Count VI of his Complaint against Defendant Randolph County, Illinois, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This is a suit at law, requiring the imposition of money damages under 42 U.S.C. § 1983.

The jurisdiction of this Court is invoked to secure the protection of civil rights and to address the deprivation of rights secured by the First Amendment to the United States Constitution.

2. Plaintiff, D. Jason Juenger, is a resident of the State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Randolph County, Illinois ("Randolph County") is a county located in the State of Illinois, operating under the laws of the United States of America and the State of Illinois.

4. At all times relevant to this Complaint, Sheriff Michael Hoelscher was operating under color of law and in his official capacity for Randolph County.

5. At all times relevant to this Complaint, Sheriff Michael Hoelscher was a final policymaking authority for Randolph County.

6. Plaintiff, D. Jason Juenger, was first employed by Randolph County as a part-time Sheriff's Deputy in approximately June, 2011.

7. At all times relevant to this Complaint, Shannon Wolff is, and was, a candidate in the Democratic primary for the elected office of Randolph County Sheriff.

8. At all times relevant to this Complaint, there was no candidate opposing Shannon Wolff in the Democratic primary, and Defendant, Sheriff Michael Hoelscher, was the sole Republican candidate for the elected office of Randolph County Sheriff.

9. On or about September 7, 2013, Plaintiff, D. Jason Juenger, attended a public parade, and wore a t-shirt, in support of Shannon Wolff's candidacy for Randolph County Sheriff.

10. On the same date, Plaintiff, D. Jason Juenger, received a telephone call from his direct supervisor at the Randolph County Jail. Plaintiff's supervisor informed him that

Defendant, Sheriff Michael Hoelscher, had contacted Plaintiff's supervisor and informed him that Plaintiff was no longer permitted to leave the jail premises for any reason, including, but not limited to, prisoner transports, from that day forward.

11. On or about September 23, 2013, Plaintiff D. Jason Juenger's employment as part-time deputy sheriff was terminated.

12. The actions of Randolph County, by and through its policymaking authorities, were part of a policy, practice or custom established or ratified by Randolph County.

13. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, D. Jason Juenger's, exercising of his First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern including, but not limited to, political affiliation and his support of candidates for elected office.

14. As a result of the above referenced actions, Plaintiff, D. Jason Juenger, has been subjected to deprivation by Randolph County, by and through its policymaking authorities acting under color of law, of the rights, privileges, and immunities secured to him by the United States Constitution and other laws; particularly his rights and freedoms of speech and expression; of assembly and of association.

15. As a direct and proximate consequence and result of Randolph County's acts and omissions stated above, Plaintiff, D. Jason Juenger, has suffered an impairment of his reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest his unconstitutional deprivations.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment for Plaintiff, D. Jason Juenger, as follows:

    A.    Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

    B.    Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

    C.    Equitable relief expunging Plaintiff's termination and all references thereto from the records of Randolph County, Illinois, the Randolph County Sheriff's Office, and any other known database, federal, state, local, or commercial, which would have record of the termination;

    D.    Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return Plaintiff to his position of employment as part time Sheriff's Deputy; and

    E.    Any other appropriate relief that is just and equitable to compensate Plaintiff for the injuries he has suffered.

**COUNT VII**
**(Eric Steely & D. Jason Juenger vs.**
**Sheriff Michael Hoelscher - Defamation)**

Come now Plaintiffs, Eric Steely and D. Jason Juenger, by and through their attorneys, Crowder & Scoggins, Ltd., and for Count VII of their Complaint against Sheriff Michael Hoelscher state as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367(a).

2. Plaintiffs are residents of the State of Illinois and the County of Randolph, and have been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of State of Illinois and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At some time prior to Wednesday, October 23, 2013, Hoelscher made the following statement to Crystal Lyerla, a reporter for The Randolph County Herald Tribune:

> "'[T]he two officers relieved, Eric Steely and D. Jason Juenger acted inappropriately while in uniform and a complaint was received from a citizen. [T]here were other incidents with the officers.'"

A copy of page 3 of the October 23, 2013 Randolph County Herald Tribune is attached hereto as "Exhibit A" and incorporated herein by this reference.

5. At no time prior to October 23, 2013, did Hoelscher address any such citizen complaint or "other incidents" with either Plaintiff.

6. The statements contained in Exhibit A, which were published to the general public, are false and defamatory.

7. Hoelscher's comments impute an inability to perform, or a want of integrity in the discharge of, duties of office or employment, and, as such, constitute *per se* defamation.

8. As a direct and proximate result of the foregoing defamatory statements by Defendant, Plaintiffs suffered injuries, including injuries to their reputations.

9. The foregoing defamatory statements were made by Defendant with the knowledge of their falsity and with actual malice, so as to justify an award of punitive damages.

WHEREFORE, Plaintiffs, Eric Steely and D. Jason Juenger, pray that the Court enter judgment against Defendant, Sheriff Michael Hoelscher, for compensatory damages and for exemplary damages in an amount that will serve to punish Defendant, Sheriff Michael Hoelscher, from similar conduct.

**JURY TRIAL DEMANDED ON ALL COUNTS**

CROWDER & SCOGGINS, LTD.
    s/ Anthony P. Gilbreth
Clay B. St. Clair #6273497
Anthony P. Gilbreth #6289576
Attorneys for Plaintiff

CROWDER & SCOGGINS, LTD.
Attorneys at Law
121 West Legion Avenue
P.O. Box 167
Columbia, Illinois  62236
Telephone:  618/281-7111
Fax: 618/281-7115
cstclair@crowderscoggins.com
agilbreth@crowderscoggins.com